## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| RONALD WOYCIK,<br>        Plaintiff,<br><br>    v.<br><br>OCEAN STATE, LLC d/b/a OCEAN<br>STATE HEALTHCARE; OCEAN<br>STATE PRIMARY CARE CENTER OF<br>WESTERLY, LLC; OCEAN STATE<br>PRIMARY, LLC; OCEAN STATE<br>PRIMARY CARE, LLC;<br>CHRISTOPHER ANDERSON, FNP-<br>BC; JOHN and/or JANE DOES, MD,<br>Alias; and JOHN DOE<br>CORPORATION, Alias,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 21-00498-MSM-LDA |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is Plaintiff's Motion to Remand to the Rhode Island Superior Court (ECF No. 7). In support of his motion Plaintiff Ronald Woycik, asserts that, although the action was removed to this court on an allegation of diversity, the existence of Rhode Island domiciled parties on both sides of the action precludes diversity and the case therefore must be remanded. Defendant Christopher Anderson, FNP-BC ("Anderson") has objected to the Plaintiff's motion and argued

that all defendants except for Ocean State Primary Care Center of Westerly, LLC ("Westerly")[1] and himself are fraudulently joined.

Under 28 U.S.C. §1332, diversity jurisdiction in federal courts requires "complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." *Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir. 2005) (citations omitted, emphasis in original). There is no dispute that Defendants Ocean State, LLC d/b/a Ocean State Healthcare, Ocean State Primary Care Center of Westerly, LLC, Ocean State Primary, LLC; and Ocean State Primary Care, LLC are citizens of Rhode Island for diversity purposes. There is also no dispute that Defendant Anderson is a citizen of Connecticut.

Anderson contends that the Rhode Island entities, except for Westerly, were fraudulently joined to defeat diversity. Further, Anderson alleges that the claims against Westerly are time barred and that he is the only proper defendant. Anderson included an affidavit in support of his objection (ECF 9-1) in which he asserted that he was employed by Westerly and treated the Plaintiff during that employment.

The central question, in a fraudulent joinder analysis, concerns whether the joinder of the non-diverse party has a reasonable basis in law and fact. *Lawrence Builders, Inc. v. Kolodner*, 414 F.Supp.2d 134, 137 (D.R.I.2006) (citing *Gabrielle v. Allegro Resorts Hotels*, 210 F.Supp.2d 62, 67 (D.R.I.2002)). The Plaintiff's complaint asserts claims against all the named defendants. While Anderson may be correct in

---

[1] Defendant Anderson has argued that the claims against Ocean State Primary Care Center of Westerly, LLC are barred by the statute of limitations leaving him, a Connecticut resident as the sole, properly joined, defendant.

his assessment that the other defendants bear no potential liability, the current record before this Court is not sufficiently developed to allow such a finding to a legal certainty.[2] The burden of proving fraudulent joinder is on Anderson and he has failed to meet that burden.   *In re Maine Asbestos Cases*, 44 F. Supp. 2d 368,372 (D. Me. 1999) (party claiming fraudulent joinder must "prove to a legal certainty that, at the time of filing the complaint, no one familiar with the applicable law could reasonably have thought, based on the facts that the pleader knew or should have known at the time, that a cause of action against the resident defendant could ultimately be proven.").

Anderson has also argued that the claims against Westerly were time barred. Since the Court has found complete diversity does not exist and it therefore lacks jurisdiction, it cannot, and need not, address the statute of limitations issue.

For the foregoing reasons, the Plaintiff's Motion to Remand to the Rhode Island Superior Court (ECF No. 7) is GRANTED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

February 11, 2022

---

[2] In fact, the failure of some defendants to answer Plaintiff's Complaint exposes them to potential default under R.I. Super. R. Civ. P. 55(a).